MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
GABRIEL LOOR, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| ATLANTIC CONTRACTING OF YONKERS | **29 U.S.C. § 216(b)** |
| INC. (D/B/A ATLANTIC CONTRACTING | |
| OF YONKERS), GOTHAM DRYWALL INC. | **ECF Case** |
| (D/B/A GOTHAM DRYWALL), JOEL | |
| ACEVEDO, and JOHN FITZPATRICK, | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Gabriel Loor ("Plaintiff Loor" or "Mr. Loor"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers), Gotham DryWall Inc. (d/b/a Gotham DryWall), ("Defendant Corporations"), Joel Acevedo, and John Fitzpatrick, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Loor is a former employee of Defendants Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers), Gotham DryWall Inc. (d/b/a Gotham DryWall), Joel Acevedo, and John Fitzpatrick.

2.      Defendants own, operate, or control two construction companies, located at 373 South Broadway 4B, Yonkers, New York 10705 under the name "Atlantic Contracting of Yonkers" and at 220 India Street, Brooklyn, New York, 11222 under the name "Gotham DryWall".

3.      Upon information and belief, individual Defendants Joel Acevedo, and John Fitzpatrick, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction companies as a joint or unified enterprise.

4.      Plaintiff Loor was employed as a carpenter at the construction companies located at 373 South Broadway 4B, Yonkers, New York 10705 and 220 India Street, Brooklyn, New York, 11222.

5.      At all times relevant to this Complaint, Plaintiff Loor worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Loor appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Loor wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Loor to all other similarly situated employees.

9.       At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Loor and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Loor now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Loor seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Loor's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two construction companies located in this district. Further, Plaintiff Loor was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.     Plaintiff Gabriel Loor ("Plaintiff Loor" or "Mr. Loor") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Loor was employed by Defendants at Atlantic Contractor of Yonkers Inc. and Gotham DryWall from approximately May 2016 until on or about October 2019.

16.     Plaintiff Loor consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled two construction companies, located at 373 South Broadway 4B, Yonkers, New York 10705 under the name "Atlantic

Contracting of Yonkers" and at 220 India Street, Brooklyn, New York, 11222 under the name "Gotham DryWall".

18.     Upon information and belief, Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 373 South Broadway 4B, Yonkers, New York 10705.

19.     Upon information and belief, Gotham DryWall Inc. (d/b/a Gotham DryWall) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 220 India Street, Brooklyn, New York, 11222.

20.     Defendant Joel Acevedo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joel Acevedo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Joel Acevedo possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Loor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant John Fitzpatrick is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Fitzpatrick is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Fitzpatrick possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Loor,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate two construction companies located in Yonkers and Manhattan, respectively.

23.     Individual Defendants, Joel Acevedo, and John Fitzpatrick, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Loor's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Loor, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Loor (and all similarly situated employees) and are Plaintiff Loor's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Loor and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Joel Acevedo and John Fitzpatrick operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

- 5 -

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Loor's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Loor, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Loor's services.

30.    In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction companies on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Loor is a former employee of Defendants who was employed as a carpenter.

33.     Plaintiff Loor seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Gabriel Loor*

34.     Plaintiff Loor was employed by Defendants from approximately May 2016 until on or about October 2019.

35.     Defendants employed Plaintiff Loor as a carpenter.

36.     Plaintiff Loor regularly handled goods in interstate commerce, such as construction tools, and other supplies produced outside the State of New York.

37.     Plaintiff Loor's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Loor regularly worked in excess of 40 hours per week.

39.     From approximately May 2016 until on or about June 2016, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 5:30 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 3:30 p.m., on Saturdays, for two weeks out of the month (typically 61 hours per week).

40.     From approximately May 2016 until on or about June 2016, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 3:30 p.m., Mondays through Saturdays, for two weeks out of the month (typically 51 hours per week).

41.     From approximately July 2016 until on or about August 2016, Plaintiff Loor worked from approximately 7:30 a.m. until on or about 10:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 3:30 p.m., on Saturdays (typically 81 hours per week).

42.     From approximately September 2016 until on or about October 2019, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 5:30 p.m., Mondays through Fridays and

from approximately 7:00 a.m. until on or about 3:30 p.m., on Saturdays, for two weeks out of the month (typically 61 hours per week).

43.     From approximately September 2016 until on or about October 2019, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 3:30 p.m., Mondays through Saturdays, for two weeks out of the month (typically 51 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Loor his wages by personal check.

45.     From approximately May 2016 until on or about October 2019, Defendants paid Plaintiff Loor $28.00 per hour.

46.     Although defendants granted Plaintiff Loor a 30 minute meal break, they constantly interrupted the breaks by requiring him to perform various work duties.

47.     Defendants took improper and illegal deductions from Plaintiff Loor's wages; specifically, Defendants deducted one hour from Plaintiff Loor's weekly wages for arriving late, regardless of the fact that he   was only 10 or fewer minutes late.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Loor regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Loor an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants did not give any notice to Plaintiff Loor, in English and in Spanish (Plaintiff Loor's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51.     Defendants required Plaintiff Loor to purchase "tools of the trade" with his own funds—including a laser, a drill, a tool pouch, and tools.

*Defendants' General Employment Practices*

52.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Loor (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

53.     Plaintiff Loor was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.     Defendants paid Plaintiff Loor his wages in personal check.

55.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Loor (and similarly situated individuals) worked, and to avoid paying Plaintiff Loor properly for his full hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Loor and other similarly situated former workers.

59.     Defendants failed to provide Plaintiff Loor and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Loor and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Loor brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Loor and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

63.     The claims of Plaintiff Loor stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

64.     Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

65.     At all times relevant to this action, Defendants were Plaintiff Loor's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Loor (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

68.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Loor (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69.     Defendants' failure to pay Plaintiff Loor (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

70.     Plaintiff Loor (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

71.      Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Loor  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73.     Defendants' failure to pay Plaintiff Loor overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74.     Plaintiff Loor was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

75.     Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants failed to provide Plaintiff Loor with a written notice, in English and in Spanish (Plaintiff Loor's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77.     Defendants are liable to Plaintiff Loor in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

78.     Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

79.     With each payment of wages, Defendants failed to provide Plaintiff Loor with an accurate statement listing each of the following: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked; and the number of overtime hours worked, as required by NYLL 195(3).

80.     Defendants are liable to Plaintiff Loor in the amount of $5,000, together with costs

and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

81.      Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth

herein.

82.     Defendants required Plaintiff Loor to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R.

§ 531.35; N.Y. Lab. Law §§ 193 and 198-b.

83.     Plaintiff Loor was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

84.      Plaintiff Loor repeats and realleges all paragraphs above as though set forth fully

herein.

85.     At all relevant times, Defendants were Plaintiff Loor's employers within the meaning

of the N.Y. Lab. Law §§ 2 and 651.

86.     Defendants made unlawful deductions from Plaintiff Loor's wages; specifically,

Defendants deducted one hour from Plaintiff Loor's weekly wages for arriving late regardless of the

timespan.

87.     The deductions made from Plaintiff Loor's wages were not authorized or required by law.

88.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Loor's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

89.     Plaintiff Loor was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90.      Plaintiff Loor repeats and realleges all paragraphs above as though set forth fully herein.

91.     Defendants did not pay Plaintiff Loor on a regular weekly basis, in violation of NYLL §191.

92.     Defendants are liable to Plaintiff Loor in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loor respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

- 14 -

(b)  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Loor and the FLSA Class members;

(c)  Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Loor and the FLSA Class members;

(d)  Awarding Plaintiff Loor and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)  Awarding Plaintiff Loor and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Loor;

(g)  Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Loor;

(h)  Awarding Plaintiff Loor damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(i)  Awarding Plaintiff Loor liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)  Awarding Plaintiff Loor and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k)  Awarding Plaintiff Loor and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(m)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Loor demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

March 5, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 6, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Gabriel Loor

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                _Gabriel Loor_

Date / Fecha:                     6 de enero 2020

*Certified as a minority-owned business in the State of New York*